(Hamilton County Probate Court.)

## IN RE ADMISSION TO PROBATE OF THE LAST WILL AND TESTAMENT OF FRANCES E. STACEY, DECEASED.

A will once offered for probate, and probate refused, may be subsequently repropounded by parties interested in the will, notwithstanding such refusal, where it appears that no notice was served upon such parties that the will would be offered for probate.

Section 5931 does not destroy the right to re prepound a will. Parties aggrieved have concurrent remedies, either by appeal or by re-offering the will for probate upon new evidence.*

FERRIS, J.

This matter comes before the court on an application to re-propoud the will of Frances E. Stacey, deceased, which will was offered for probte in the year 1894, and such proceedings were afterwards had that a commission issued to one J. C. Tubbs, at Sacramento, state of California, to take the depositions of the two subscribing witnesses to the last will and testament of Frances E. Stacey, deceased, which testimony is on file in this court.

For reasons that appeared satisfactory at that time, this will was refused probate, and counsel, representing a legatee, now files an application for leave to offer again the will to probate, and for the issuing of commission to re-take the testimony of certain witnesses.

Objection is raised that under the provisions of Sec. 5934 of the Rev. Stat., the person aggrieved should have prosecuted an appeal from the decision to the next term of the common pleas court by filing notice of his intent on to appeal within ten days from such refusal, and, therefore, the remedy is not in this forum, but that the action should be prosecuted elsewhere.

The Supreme Court of Ohio, in a decision announced in 48 Ohio St., 357, Feuchter v. Kyle, in syllabus second, holds, that where admission of will to probate has been refused by the probate court, persons having no notice of the proceedinsg and refusal until too late to perfect an appeal to the court of common pleas from the order of refusal, are not concluded thereby, but may re-propound the will notwithstanding the former order of refusal has not been vacated.

Section 5917 of the Rev. Stats., determines that no will shall be admitted to probate without notice to the widow or husband, and next of kin of the testator, if any, resident in the state, in such manner and for such time as the probate court shall direct or approve. It is urged that the party complaining was not notified of the fact that the will would be offered for probate.

Practically the same questions involved in this application were passed upon by the Supreme Court, and although a dissenting opinion was filed by Justice Minshall, the majority of the court uphold the doctrine laid down in 8 Ohio, 19, that where a will is once rejected, it may still be repropounded for probate, and reaffirmed the doctrine laid down in 6 Ohio, 502, that the order of probate is not conclusive upon the subject of it, for the statute law expressly provides a way in accordance with the common usage of chancery to contest and vacate the probate if allowed; if rejected another application may be made, and probate established on new and better proof.

This was the doctrine held prior to the organization of probate courts under the constitution of 1851, and the section of the statute that has

[COPYRIGHT, 1897, BY CARL G. JAHN.]

heretofore been referred to, section 5934, is held in that case not to have destroyed the right to repropound the will.

Justice Bradbury, in speaking of the rights under this section, says that it contains a new remedy to enforce an existing right, and neither in the language selected by the legislature in giving the remedy, nor in the circumstances that attended its adoption is there any indication of a purpose to make it exclusive.

The new remedy is consistent with the continued existence of the old one; they are concurrent remedies to enforce the same right, and the rule is that a new remedy, provided by statute, does not destroy or take away the old one, if the two are compatible.

I see no reason, therefore, why, under the law of Ohio, parties who are aggrieved and who, under the statute, are not required to be notified of the offering of a will to probate, whose title depends upon such will and whose interests are at stake, having in law no notice, may not at any time file an application for the repropounding of a will that has been refused probate.

The law favors wills. The right to make one is derived from the statute; it did not exist at common law, and I therefore am of the opinion, that the application under the circumstances should be granted, and that a commission should issue for the taking of such testimony as may be necessary in the premises.

Chas. W. Baker, for applicant.

Howard Douglass and Geo. W. Harding, contra.